NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO FRANCESCA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK N.A. SUCCESSOR TRUSTEE TO LASALLE BANK NATIONAL ASSOCIATION ON BEHALF OF THE HOLDERS OF BEAR STERNS ASSET-BACKED SECURITIES 1 TRUST 2005-FRI,<br><br>Defendant. | Civil Action No.: 2:18-cv-01152<br><br>**MEMORANDUM OPINION AND ORDER** |

**CECCHI, District Judge.**

WHEREAS on January 25, 2018, Plaintiff filed a complaint against Defendant with this Court, (ECF No. 1), and on January 29, 2018, a summons was issued. (ECF No. 2); and

WHEREAS on February 8, 2018, Plaintiff filed an "Emergency Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction and Memorandum in Support" ("TRO"). (ECF No. 3); and

WHEREAS Plaintiff's TRO "asks the Court to issue a temporary restraining order against the transfer or sale of the property[.]" (*Id.* at 3); and

WHEREAS the property at issue is subject to a default judgment that was issued in the state foreclosure action. *See U.S. Bank, N.A. Successor Trustee to LaSalle Bank of Bear Sterns Asset Backed Securities I Trust 2005-FR1 Asset-Backed Certificates Series 2005-FR1 v.*

*Francesca, et al.*, No. F-002494-16 (N.J. Super. Ct. Ch. Div.) (default judgment entered May 31, 2017)[1]; and

WHEREAS adjudicating the claims in Plaintiff's complaint or granting Plaintiff's TRO would be barred by the *Rooker-Feldman* doctrine, because Plaintiff is seeking to avoid the default judgment that was issued in the state foreclosure action by bringing this federal action. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923); *see also Colahar v. Wells Fargo Bank N.A.*, 56 F. Supp. 3d 603, 607 (D. Del. 2014) ("In addition, the *Rooker-Feldman* doctrine prohibits this court from maintaining subject matter jurisdiction over [Plaintiff's] motion [for a preliminary injunction and temporary restraining order,] which effectively seeks to vacate orders of the Superior Court."). The *Rooker-Feldman* doctrine bars this Court from adjudicating the claims in Plaintiff's complaint or granting Plaintiff's TRO because: (1) Plaintiff was unsuccessful in state court and is complaining of injuries caused by the default judgment; (2) the default judgment was rendered in 2017, before Plaintiff initially sought relief in federal court in January 2018; and (3) Plaintiff invites this Court to review and reject the default judgment. *See Bierley v. Abate*, 661 F. App'x 208, 209 (3d Cir. 2016) (affirming the district court's dismissal of claims based upon *Rooker-Feldman* grounds); *Colahar*, 56 F. Supp. 3d at 607 (denying motion for preliminary injunction and temporary restraining order based upon *Rooker-Feldman* grounds); and

WHEREAS it is now well-settled law that the proper way for Plaintiff to proceed concerning his alleged injuries caused by the default judgment would be to seek review and

---

[1] Although Plaintiff's complaint cites docket number F-012470-16 in Mercer County as the state foreclosure action, (ECF No. 1 at 4), it appears to the Court from Plaintiff's submissions and a review of both dockets that the correct docket number is indeed F-002494-16 in Union County. (ECF No. 1-2 at 34).

relief through the state appellate process, and then to seek certiorari directly to the United States Supreme Court. This Court is prohibited from providing relief that would effectively reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the default judgment, or void the rulings issued by the state court in the state foreclosure action. *See Francis v. TD Bank, N.A.*, 597 F. App'x 58, 60-61 (3d Cir. 2014) (affirming a district court's dismissal of the claims that were brought in connection with a state foreclosure action as being barred by the *Rooker-Feldman* doctrine, because the plaintiff sought redress from a state court judgment); *see also Shipley v. New Castle Cty.*, No. 08-554, 2008 WL 4330424, at *2 n.2 (D. Del. Sept. 19, 2008) (denying motion for injunctive relief and temporary restraining order based on *Rooker-Feldman* where "Plaintiffs allege[d] injury based upon the actions taken by Superior Court judges and the Sheriff with regard to the sale of his real estate at a sheriff's sa[l]e"); and

WHEREAS a final determination in the form of a default judgment has been entered in the state foreclosure action. However, to the extent that the state foreclosure action may be considered to be ongoing, and to the extent that Plaintiff requests that this Court intervene in the state foreclosure action, that relief is barred by the *Younger* abstention doctrine. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). This Court simply has no authority to interfere with the state foreclosure action if it is indeed ongoing, because important state interests are implicated therein, and because there is an adequate opportunity to raise federal claims therein. *See Cunningham v. Mortg. Contracting Servs. LLC*, 634 F. App'x 361, 362 (3d Cir. 2016) (affirming a district court's dismissal of claims brought in connection with a state foreclosure action for being barred by *Younger* abstention); *Shipley*, 2008 WL 4330424, at *2-3 (denying motion for injunctive relief and temporary restraining order under *Younger* abstention doctrine where "there [we]re

prior pending state court proceedings that directly relate[d] to Plaintiff's dispute," the state "ha[d] an important interest in resolving real estate tax and lien issues," a "ruling in the Superior Court proceeding implicate[d] the important interest of preserving the authority of the state's judicial system," and there was "an adequate opportunity to raise . . . due process claims in state court").

Accordingly, IT IS on this 8 day of Feby, 2018, in the interests of justice and for good cause shown:

**ORDERED** that Plaintiff's TRO, (ECF No. 3), is hereby **DENIED**; it is further

**ORDERED** that Plaintiff's complaint, (ECF No. 1), is hereby **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that to the extent the pleading deficiencies identified by the Court in this Memorandum Opinion and Order can be cured by way of amendment, Plaintiff is hereby **GRANTED** thirty (30) days to file an amended pleading; and it is further

**ORDERED** that the Clerk of Court shall send a copy of this Order to Plaintiff by regular mail and shall **CLOSE** the file.

**SO ORDERED.**

                                                **CLAIRE C. CECCHI, U.S.D.J.**